UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

-------------------------------------------------------x

JOE HAND PROMOTIONS, INC.
407 East Pennsylvania Boulevard
Feasterville, PA 19053,

                Plaintiff,

           vs.                            CIVIL ACTION NO.

WENDY LEROY, individually,
and as an officer, director, shareholder,
and/or principal of CORNER POCKET
3003 Joy Drive
Kilgore, TX 75662,

                Defendant.
-------------------------------------------------------x

## COMPLAINT

Plaintiff, Joe Hand Promotions, Inc., by and through its attorneys, as and for its

Complaint against the Defendant, Wendy Leroy, d/b/a Corner Pocket, allege as follows:

### JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction under 28 U.S.C. §1331 (federal

question), as this civil action is brought pursuant to 47 U.S.C. §553 and 605.

2.      This court has personal jurisdiction over the parties to this action as a result of

Defendant's wrongful acts, complained of herein, which violated Plaintiff's rights as the

exclusive domestic commercial distributor of the transmission signal of the fight Program as

hereinafter set forth in length.  Defendant's wrongful acts consisted of the interception,

reception, publication, divulgence, display, exhibition and tortuous conversion of Plaintiff's property, while said property was in the Plaintiff's control in the State of Texas.

3.      Upon information and belief, venue is proper in the Eastern District of Texas, Tyler Division, pursuant to 28 U.S. C. §1391(b) because, inter alia, Defendant resides within the State of Texas and/or a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

4.      The Plaintiff, Joe Hand Promotions, Inc., is a Pennsylvania corporation with its principal place of business located at 407 East Pennsylvania Boulevard, Feasterville, Pennsylvania 19053.

5.      Upon information and belief, Defendant, WENDY LEROY, resides in the State of Texas.

6.      Upon information and belief, Defendant, WENDY LEROY, is an officer, director, shareholder and/or principal of CORNER POCKET.

7.      Upon information and belief, Defendant, WENDY LEROY, was the individual with supervisory capacity and control over the activities occurring within the establishment on July 3, 2010.

8.      Upon information and belief, Defendant, WENDY LEROY, received a financial benefit from the operations of CORNER POCKET, on July 3, 2010.

9.      Upon information and belief, Defendant, CORNER POCKET, is a business entity, the exact nature of which is unknown, having its principal place of business at 1011 Kilgore Plaza, Kilgore, TX 75662.

10.     Upon information and belief, Defendant, CORNER POCKET, is a Domestic Corporation, incorporated and licensed to do business in the State of Texas.

11.     Upon information and belief, Defendant, CORNER POCKET, is a partnership licensed to do business in the State of Texas.

12.     Upon information and belief, Defendant, CORNER POCKET, is a sole proprietorship licensed to do business in the State of Texas.

**COUNT I**

**VIOLATION OF TITLE 47 U.S.C. §605**

13.     Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "12", inclusive, as though set forth herein at length.

14.     By contract, Plaintiff was granted the right to distribute the UFC 116: Lesnar v. Carwin Broadcast, including all undercard bouts and the entire television broadcast, scheduled for July 3, 2010, (hereinafter referred to as the "Broadcast"), via closed circuit television and via encrypted satellite signal. The Broadcast originated via satellite uplink, and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

15.     Pursuant to the contract, Plaintiff entered into subsequent agreements with various entities of the State of Texas, allowing them to publicly exhibit the Broadcast to her patrons.

16.     In consideration of the aforementioned agreements, Plaintiff expended substantial monies to transmit the Broadcast to those entities in the State of Texas.

17.     Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, Defendant and/or her agents, servants, workmen and/or employees unlawfully intercepted, received and/or de-scrambled said satellite signal, and did exhibit the Broadcast at the above-captioned address and/or addresses at the time

of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

18.     Upon information and belief, Defendant and/or her agents, servants, workmen and/or employees used an illegal satellite receiver, intercepted Plaintiff's signal and/or used a device to intercept Plaintiff's Broadcast, which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems. There are multiple illegal methods of accessing the Broadcast, including, (1) splicing an additional coaxial cable line or redirecting a wireless signal from an adjacent residence into a business establishment; (2) commercial establishments misusing cable or satellite by registering same as a resident when it is, in fact, a business; or (3) taking a lawfully obtained box or satellite receiver from a private residence into a business. In addition, emerging technologies, such as broadband or internet broadcast, as well as "slingbox" technology (which allows a consumer to literally sling the Broadcast from his personal home cable or satellite systems into his computer), can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world. Each of these methods would allow Defendant to access the Broadcast unlawfully. Prior to discovery, Plaintiff is unable to determine the manner in which Defendant obtained the Broadcast. However, it is logical to conclude that Defendant, used an illegal satellite receiver, misrepresented its business establishment as a residence, or removed an authorized residential receiver from one location to a different commercial location to intercept Plaintiff's Broadcast.

19.     47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of communications such as the transmission herein, to which Plaintiff held the distribution rights.

20.     By reason of the aforementioned conduct, Defendant herein willfully violated 47 U.S.C. §605 (a).

21.     By reason of Defendant's violation of 47 U.S.C. §605 (a), Plaintiff has a private right of action pursuant to 47 U.S.C. §605.

22.     As a result of Defendant's willful violation of 47 U.S.C. §605 (a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. §605 (e) (3) (C) (i) (II) and (ii), of up to the maximum amount of $110,000.00 as to Defendant herein.

23.     Pursuant to 47 U.S.C. §605, Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT II

## VIOLATION OF TITLE 47 U.S.C. §553

24.     Plaintiff hereby incorporates paragraphs "1" through "23", inclusive, as though fully set forth herein at length.

25.     Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, Defendant and/or her agents, servants, workmen and or employees did exhibit the Broadcast at the above-captioned address or addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

26.     47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system, such as the transmission herein, to which Plaintiff had the distribution rights.

27.     Upon information and belief, Defendant, individually, willfully and illegally intercepted said Broadcast when it was distributed and shown by cable television systems.

28.     By reason of the aforementioned conduct, Defendant herein willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

29.     As a result of Defendant's violation of 47 U.S.C. §553, Plaintiff is entitled to damages in an amount, in the discretion of this Court, of up to the maximum amount of $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

30.     Without further discovery from and/or admission by Defendant, Plaintiff cannot determine if Defendant intercepted Plaintiff's signal via a cable system, in violation of 47 U.S.C. §553, or via a satellite transmission, in violation of 47 U.S.C. §605. As such, Plaintiff is alleging two (2) counts in its Complaint. Plaintiff recognizes that Defendant can be liable for only (1) of these statutes.

WHEREFORE, Plaintiff requests that judgment be entered in its favor and against Defendant herein, granting to Plaintiff the following:

(a)     A finding that Defendant's unauthorized exhibition of the July 3, 2010 UFC 116: Lesnar v. Carwin Broadcast violated the Federal Communications Act and that such violations were committed willfully and for purposes of each Defendant's direct or indirect commercial advantage or for private financial gain; and

(b)     On the first cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $110,000.00 as to Defendant for its willful violation of 47 U.S.C. §605 (a); and

(c)     On the second cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $60,000.00 as to Defendant for its violation of 47 U.S.C. §553; and

(d)     Attorney's fees, interest, and costs of suit as to Defendant pursuant to 47 U.S.C. §605 (e) (3) (B) (iii) or §553 (c) (2) (C), together with such other and further relief as this Court may deem just and proper.

## COUNT III

## CONVERSION

31.     Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "30," inclusive, as though set forth herein at length.

32.     By its acts as aforesaid in intercepting, exhibiting, publishing, and divulging the Broadcast at the above-captioned address, the aforementioned Defendant, tortuously obtained possession of the Program and wrongfully converted it to her own use and benefit.

33.     The aforesaid acts of the Defendant were willful, malicious, and intentionally designed to harm Plaintiff, Joe Hand Promotions, Inc., and to subject said Plaintiff to economic distress.

34.     Accordingly, Plaintiff, Joe Hand Promotions, Inc. is entitled to both compensatory, as well as punitive damages, from the aforementioned Defendant as the result of the Defendant's egregious conduct and conversion.

WHEREFORE, Plaintiff requests that judgment be entered in its favor and against Defendant herein, granting to Plaintiff the following:

(a)     A finding that Defendant's unauthorized exhibition of the July 3, 2010 UFC 116: Lesner v. Carwin Broadcast violated the Federal Communications Act and that such violations were committed willfully and for purposes of Defendant's direct or indirect commercial advantage or for private financial gain; and

(b)     On the first cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $110,000.00 as to Defendant for its willful violation of 47 U.S.C. §605 (a); and

(c)    On the second cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $60,000.00 as to Defendant for its violation of 47 U.S.C. §553; and

(d)    On the third cause of action, compensatory damages in an amount according to proof against Defendant; and

(e)    Attorney's fees, interest, and costs of suit as to Defendant pursuant to statute(s) including 47 U.S.C. §605 (e) (3) (B) (iii) or §553 (c) (2) (C), together with such other and further relief as this Court may deem just and proper.

Dated:  June 28, 2013                              Respectfully submitted,

                                                   NICHAMOFF & KING, P.C.

                                                   /s/ Jamie King
                                                   Jamie King
                                                   Texas State Bar No. 24043755
                                                   Federal I.D. No. 566838
                                                   Attorney-In-Charge
                                                   Seth A. Nichamoff
                                                   Texas State Bar No. 24027568
                                                   Federal I.D. No. 27002
                                                   2444 Times Boulevard, Suite 270
                                                   Houston, Texas 77005
                                                   Telephone: (713) 503-6706
                                                   Facsimile: (866) 712-1079

                                                   ATTORNEYS FOR PLAINTIFF,
                                                   JOE HAND PROMOTIONS, INC.